IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JANE DOE, | ) | CASE NO: 8:17-CV-97 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER ON FINAL PRETRIAL |
| | ) | CONFERENCE |
| SHAD KNUTSON, | ) | |
| | ) | |
|     Defendant. | ) | |

A final pretrial conference was held on the 16th day of July, 2018. Appearing for the parties as counsel were:

Richard P. McGowan
Theodore R. Boecker, Jr.

Shad Knutson, Pro Se

The court will note that Mr. Knutson indicated he will be hiring an attorney. The court noted that no attorney has entered their appearance and no attorney has contacted the plaintiff's attorney indicating they represent Mr. Knutson. Due to no entry of an appearance by an attorney on Mr. Knudson's behalf the court went ahead with the pretrial conference.

**(A) Exhibits.** See attached Exhibit List on behalf of the Plaintiff. Defendant has provided notice he objects to documents but has not specified the precise nature of each objection under the Federal Rules of Evidence.

Plaintiff has not received an Exhibit List from the Defendant. Plaintiff understands that Defendant may desire to offer Plaintiff's school records from South Dakota, District 66 Public Schools, and Roncali Catholic School, in addition to records which may be contained within Plaintiff's Exhibit List. Plaintiff is not aware of any subpoenas for such records to date, nor has Plaintiff received any discovery requests for such records.

Caution: Upon express approval of the judge holding the pretrial conference for good cause shown, the parties may be authorized to defer listing of exhibits or objections until a later date to be specified by the judge holding the pretrial conference. The mere listing of an exhibit on an exhibit list by a party does not mean it can be offered into evidence by the adverse party without all necessary evidentiary prerequisites being met.

**(B) Uncontroverted Facts.** The parties have agreed that the following may be accepted as established facts for purposes of this case only:

1. Plaintiff Jane Doe is a female resident of South Dakota.

2. Defendant Shad Knutson is an individually presently incarcerated in the Omaha Correctional Center in Omaha, Nebraska.

3. Nathan Hale Middle School is a school operated by the Omaha Public School system (hereinafter "OPS").

4. OPS receives federal funding and at all times relevant herein was the recipient of federal funding and financial assistance utilized for educational programs and/or activities.

5. Knutson was previously employed as a teacher and a coach at Nathan Hale Middle School, including from August 2009 through December 2009.

6. Plaintiff Jane Doe attended Nathan Hale Middle School, including from August 2009 through early December 2009.

7. Plaintiff Jane Doe played on a football team coached by Defendant.

8. Plaintiff Jan Doe made allegations concerning Shad Knutson.

9. Subsequent to her allegations, Plaintiff Jan Doe was transferred to a different school.

**(C) Controverted and Unresolved Issues.** The issues remaining to be determined and unresolved matters for the court's attention are:

All other issues remained controverted including liability of the Defendant and claimed damages. Defendant disputes he engaged in the harassing conduct claimed by the Plaintiff and that it caused the Plaintiff any damages.

**(D)** **Witnesses.** All witnesses, including rebuttal witnesses, expected to be called to testify by plaintiff, except those who may be called for impeachment purposes as defined in NECivR 16.2(c) only, are:

See attached Plaintiff's Witness List

All witnesses expected to be called to testify by defendant, except those who may be called for impeachment purposes as defined in NECivR 16.2(c) only, are:

Any witnesses listed by Plaintiff
Anthony Clark Kaczmareck
Dustin Dieterling
Alan Nesbitt

The parties note that the Defendant is presently incarcerated with the Nebraska Department of Corrections. If the Defendant does not personally appear the Plaintiff will offer excerpts from his deposition testimony.

It is understood that, except upon a showing of good cause, no witness whose name and address does not appear herein shall be permitted to testify over objection for any purpose except impeachment. A witness whose only testimony is intended to establish foundation for an exhibit for which foundation has not been waived shall not be permitted to testify for any other purpose, over objection, unless such witness has been disclosed pursuant to Federal Rule of Civil Procedure 26(a)(3). A witness appearing on any party's witness list may be called by any other party.

**(E)     Expert Witnesses' Qualifications.**  Experts to be called by plaintiff and their qualifications are:

Plaintiff does not have any retained expert.  Plaintiff's current treating therapist Betsy Hughes, MA, LPC, NCC may provide opinions based upon her training and experience.

Experts to be called by defendant and their qualifications are: None

[Same instructions as above.]

**(F)     Voir Dire.**  Counsel have reviewed Federal Rule of Civil Procedure 47(a) and NECivR 47.2(a) and suggest the following with regard to the conduct of juror examination:

No special requests

**(G)     Number of Jurors.**  Counsel have reviewed Federal Rule of Civil Procedure 48 and NECivR 48.1 and suggest that this matter be tried to a jury composed of 12 members.

**(H)     Verdict.**  The plaintiff will stipulate to a less-than-unanimous verdict. The defendant will not stipulate to a less-than-unanimous verdict.

**(I)     Briefs, Instructions, and Proposed Findings.**  Counsel have reviewed NECivR 39.2(a), 51.1(a), and 52.1, and suggest the following schedule for filing trial briefs, proposed jury instructions, and proposed findings of fact, as applicable:

Unless otherwise ordered, trial briefs, proposed jury instructions, and proposed findings of fact and conclusions of law, shall be filed five (5) working days before the first day of trial. Objections to proposed jury instructions shall be filed two (2) working days before the first day of trial.

**(J)  Length of Trial.**  Counsel estimate the length of trial will consume not less than 2 day(s), not more than 5 day(s), and probably about 3 day(s).

**(K)  Trial Date.**  Trial is set for August 6, 2018.

By:   s/ Shad Knuston_____
Shad Knutson #78337
Omaha Correctional Center
2323 Ave J
P O Box 11099
Omaha, Nebraska 68111-0099
DEFENDANT – PRO SE


JANE DOE, Plaintiff,

By:   s/ Richard McGowan_____
Richard P. McGowan, NE # 22453
McGowan Law Firm, PC, LLO
11235 Davenport Street #100
Omaha, Nebraska 68154
Phone: 402-341-0820
Fax:    800-518-9772
rpm@lawfirmomaha.com
ATTORNEY FOR PLAINTIFF


BY THE COURT:

*/s/ Susan M. Bazis*

The Honorable Susan M. Bazis
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA

| JANE DOE, | ) | CASE NO: 8:17-CV-97 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | PLAINTIFF'S EXHIBIT LIST |
| | ) | |
| SHAD KNUTSON, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW Plaintiff and hereby identify their initial Exhibit List. Plaintiff reserves the right to supplement this list, including but not limited based upon Court rulings, supplementation of discovery, identification of additional documents, or the production of additional documents by Defendant or third parties. This list is exclusive of exhibits which may be used for purposes of impeachment. Plaintiff reserves the right to utilize any exhibit from any deposition in this case. Plaintiff reserves the right to utilize any exhibit designated upon Defendant's exhibit list.

| PLTF | DEF | DESCRIP | OFF | OBJ | RECD | NOT RECD | DATE |
|---|---|---|---|---|---|---|---|
| 1 | | Deposition of Edward Virant, Jr. | | | | | |
| 2 | | Omaha Public School District's Second Supplemental Disclosure | | x | | | |
| 3 | | Deposition of Wesley Dacus | | | | | |
| 4 | | OPS Policy and Procedure | | | | | |
| 5 | | Amended Information | | x | | | |
| 6 | | Typewritten Note 11-30-09 | | x | | | |
| 7 | | Behavior Detail Report | | x | | | |
| 8 | | Handwritten Notes | | x | | | |
| 9 | | OPD Incident Report | | x | | | |
| 10 | | Due Process Workshop | | x | | | |
| 11 | | Complaint | | x | | | |
| 12 | | Defendant's Answer | | | | | |
| 13 | | Handwritten Notes | | x | | | |
| 14 | | Handwritten Notes | | x | | | |
| 15 | | Student Account of Incident | | x | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 16 | | Letter Dated 12-1-09 | | x | | | |
| 17 | | Enrollment History | | x | | | |
| 18 | | Shad Knutson Deposition | | | | | |
| 19 | | Metropolitan Community College Permanent Record Transcript | | | | | |
| 20 | | Shad M. Knutson Resume | | | | | |
| 21 | | Account of Incident | | x | | | |
| 22 | | Conference Record, Omaha Public Schools | | x | | | |
| 23 | | OPS file re: Shad Knutson | | | | | |
| 24 | | OPS File re: Taylor Pierce | | | | | |
| 25 | | Record of Conviction and Sentencing in Douglas County Case No: CR 11-836 | | x | | | |
| 26 | | Deposition of Susan Colvin | | | | | |
| 27 | | Taylor Pierce's Handwritten Notes with Notes by Susan Colvin | | x | | | |
| 28 | | Susan Colvin's Handwritten Drawing | | x | | | |
| 29 | | Rhea Nelson's Handwritten Notes | | x | | | |
| 30 | | Elizabeth Davis' Student Account of Incident dated 11/30/09 | | x | | | |
| 31 | | Records from Mayo Clinic | | x | | | |
| 32 | | Records from Stanford Eating Disorder Clinic | | x | | | |
| 33 | | Records from Inroads Recovery | | x | | | |
| 34 | | Records from Behavioral Health | | x | | | |
| 35 | | Records from Sanford Medical Center-Fargo | | x | | | |
| 36 | | Records of Children's Hospital | | x | | | |
| 37 | | Report of Betsy Hughes, MA, LPC, NCC | | x | | | |
| 38 | | Ed Virant Memorandum | | x | | | |
| 39 | | Dacus leter to John Tracy Pierce dated 12/1/2009 | | x | | | |
| 40 | | Fax from Susan Colvin to Dr. Mackiel dated 6/6/11 | | x | | | |
| 41 | | Records of Project Harmony | | x | | | |
| 42 | | Records of Omaha Police Department | | x | | | |
| 43 | | Complaint for Dissolution of Marriage, Shad Knutson v. Ethel Knutson, Case No. CI 10-364 | | x | | | |
| 44 | | Decree of Dissolution, Shad Knutson v. Ethel Knutson, Case No. CI 10-364 | | x | | | |
| 45 | | Ed Virant Memorandum | | x | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 46 | | Fax from Susan Colvin to Dr. Mackiel | | x | | | |
| 47 | | Dacus Letter to TLP's Father 12-1-09 | | x | | | |
| | | Plaintiff reserves the right to offer rebuttal or impeachment evidence, as well as any documents produced by either party during the course of discovery otherwise subject to subpoena based upon the testimony of witnesses at trial or other evidence adduced at trial. | | | | | |
| | | | | | | | |

JANE DOE, Plaintiff,

By: */s/ Theodore R. Boecker, Jr.*
_____
Theodore R. Boecker, Jr., NE #20346
BOECKER LAW, P.C., L.L.O.
11225 Davenport Street, Suite 100
Omaha, Nebraska 68154
Tele: (402) 933-9500
Fax: (402) 933-7983
Email: boeckerlaw@msn.com

and

JANE DOE, Plaintiff,

By: */s/ Richard P. McGowan*
_____
Richard P. McGowan, NE # 22453
McGowan Law Firm, PC, LLO
11235 Davenport Street #100
Omaha, Nebraska 68154
Phone: 402-341-0820
Fax: 800-518-9772
rpm@lawfirmomaha.com

### Certificate of Service

The undersigned hereby certifies that a true and correct copy of the foregoing instrument was served via hand delivery on this the 5th day of July 2018, to the following:

Shad Knutson #78337
Omaha Correctional Center
2323 Ave J
P O Box 11099
Omaha, Nebraska 68111-0099
DEFENDANT – PRO SE

_____

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JANE DOE, | ) | CASE NO: 8:17-CV-97 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | PLAINTIFF'S INITIAL |
| | ) | WITNESS LIST |
| SHAD KNUTSON, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW Plaintiff and for her initial designation of witnesses, identifies the following:

1. Jane Doe (TLP)

2. Shad Knutson

3. Wesley Dacus

5. Susan Colvin

6. Tracey Pierce

7. Shayla Pierce

8. Rhea Nelson

9. Elexis Martinez

10. Melissa Klement

11. Erica Abrahamson

12. Mahogany Parker

13. Emily Tonnies

14. Amaun Frazier

15. Adrianna Morris

16. Achul James Ring

17. Elizabeth Davis

18. Hans Lierman

19. Steve Knapp

20. Officer Christy Bart

21. Betsy Hughes, MA, LPC, NCC

22. Custodian of Records from healthcare providers listed in Plaintiff's medical and mental health records, including:

    (a) Children's Hospital.

    (b) Mayo Clinic.

    (c) Stanford Eating Disorder Clinic

    (d) Inroads Recovery

23. Custodian of Records from Omaha Police Department

24. Custodian of Records from Omaha Public Schools

25. Custodian of Records from Project Harmony

26. Plaintiff reserves the right to call impeachment and rebuttal witnesses.

27. Plaintiff reserves the right to call any individuals disclosed during the course of discovery or via the production of additional documents by Defendant or third parties.

28. Plaintiff reserves the right to call any individuals identified upon the Defendant's Witness List.

JANE DOE, Plaintiff,

By: */s/ Theodore R. Boecker, Jr.*
　　　―――――――――――――――――――
Theodore R. Boecker, Jr., NE #20346
BOECKER LAW, P.C., L.L.O.
11225 Davenport Street, Suite 100
Omaha, Nebraska  68154
Tele:  (402) 933-9500
Fax:   (402) 933-7983
Email:  boeckerlaw@msn.com

And

JANE DOE, Plaintiff,

By: */s/ Richard P. McGowan*
　　　―――――――――――――――――――
Richard P. McGowan, NE # 22453
McGowan Law Firm, PC, LLO
11235 Davenport Street #100
Omaha, Nebraska 68154
Phone: 402-341-0820
Fax:     800-518-9772
rpm@lawfirmomaha.com

**Certificate of Service**

　　　The undersigned hereby certifies that a true and correct copy of the foregoing instrument was served via hand delivery on this the 5th day of July 2018, to the following:

Shad Knutson #78337
Omaha Correctional Center
2323 Ave J
P O Box 11099
Omaha, Nebraska 68111-0099
DEFENDANT – PRO SE

　　　　　　　　　　　　　　　　　*/s/ Theodore R. Boecker, Jr.*
　　　　　　　　　　　　　　　　　―――――――――――――――――――

3